Judge Owsley
delivered the opinion,
This was an action of assumpsit, brought by Carrico a* gains! Lilly in the circuit court.
The declaration contains various counts; and the ¿6⅜ fendant, Lilly, pleaded the general issue.
A trial was bad, and one hundred dollars damages assessed by the jury on the first count in the declaration; and as to the other counts, a verdict was found for the defends ant, Lilly.
On the motion of Lilly, a new trial was awarded, and exceptions taken, as well to the court’s granting a new trial, as to other opinions and decisions given in the progress of I lie trial.
At a subsequent term, Carrico obtained leave of the court and amended her declaration; and a second trial being had, a general verdict was found for Lilly; andjudgment thereon rendered in his favor in bar of Carrico's action.
To reverse that judgment, tbiswiit of error is prosecuted.
We have not deemed it proper to examine such of the assignment of errors as question the decisions of the court, below, in the progress of the first trial, and in awarding a new trial. It would have been necessary to have revised those decisions, if, by an amendment to her declaration, Carrico bad not changed the nature of her cause from what it was on the first trial. For, if no such change had taken place, and the second trial had been on the same slate of pleadings as the first, in reversing the judgment rendered on the last verdict in favor of Lilly, it would be material to enquire whether, instead of granting a new trial, the court should not have rendered judgment in favor of Car-rico on the first verdict. But, as by amending her declaration, Carrico has changed her demand against Lilly, no irregularity in setting aside the first verdict can be availing in a writ of error to the judgment rendered on the last verdict
By amending her declaration, she must be supposed to have waived all objections to the decision of the court in granting a new trial, and must rely for success upon her a-Flit i to establish the demand contained in the declaration as amended.
⅜⅛ £ ;nn an -«'¿nois-trat”Bna[‘ liis
Littell for plaintiff.
tf we are correct iri the preceding remarks, it followSi that judgment ought to be rendered against Carrico on the last verdict For there appears to have been no exceptions to anv opinion given by the court on that trial, and the assignment, of errors present no question in relation to the last trial.
But, instead of rendering judgment against Carrico in her personal right for cost, the cost ought to have been ditected to be levied out of-the assets which were, or might, eome to her hands as administratrix of the estate of Joseph Carrico, dee. For the assumpsit laid in her declaration is alleged to have been made to her intestate, Joseph Carrico; and in such a case the administratrix cannot be subjected to cost in her personal right.
The judgment must be reversed with cost, therefore, and the cause remanded, and judgment entered according to this •pinio». J